1:07-CV-303

IN The united states District Court
        western                    District

    michael  Frost

            U. S

Commonwealth of pennsylvania Etal


        writ  of  mandamus
        Extraordinary    relief

        ( 42 usc" 2254 )


        previous  Docket no's
        Trial  court  1288 - 1999


Gentlemen  please find michael Frost
pro-se writ of mandamus petition

# Table of Contents

Cover sheet — p-1
Cover Letter — p-2
Table of Contents — p-3
Petitioner — p-4
Respondents — p-5
Facts — p-6-10
Conclusion — p-11

FActs (statement of case)
(note: Petitioner will be call Frost)

1.) Frost was Arrested on or About Dec 15th 1999, for involuntary deviate sexual intercourse And related offenses (numerous counts)

2.) on or About march 10th 2000, Frost was represented by Attorney manson, when A plea Arrangment was reached between mr. manson And the District Attorney

3.) However upon entering the plea, Frost expressed his concerns in regards to the effectiveness of his counsel mR. manson.

4.) Regardless of the fAct, the court still Accepted the plea to (3) counts of IDSI, And (2) counts of child ENDangerment.

5.) Furthermore, the court clearly error Due to it Applied the statue 42 PA CSA ss 9718. Asserting that Frost was subjected to A mandatory min. sentence of 5 years.

6.) Therefore, on or About may 19th 2000, Hon. Gordon R. miller (P.J), entered A extravagant sentence of 5 to 10 years consectutive to 5 to 10

years Consecutive to 5 to 10 years Consecutive to 1 to 2 years of total Confinement, clearly to inflict server punishment upon Frost. moreover, Frost's Attorney would not object to the extravagant sentence, Nor did he Appeal the sentence.

## Discussion ⟨Argument⟩

7.) The standard of Review of discretionary in sentencing, is An Abuse of discretion. The sentencing Courts traditionally Are granted A broad discretion, to determine the proper sentence And will not be disturbed unless there is An Abuse of discretion. Commonwealth vs. mouzon, 828 A.2d 1126

8.) A sentence Constitutes An Abuse of discretion, where the trial Court.

A.) Fails to set Forth sufficient reason for the sentence imposed.

B.) Considers An impermissible Factor.

C.) Fails to consider the sentencing guidelines 42 PA C.S.A $^{ss}$ 9721

D.) Fails to consider the Circumstances of the offense or the character of the defendant And his rehabilitative Needs.

9.) Therefore, When the Court imposes A sentence, The Court is required to balance The defendants rehabilitative Needs And other Sentencing Factors. Furthermore, the Court must consider the character And back ground of the Defendant, As well As circumstances surrounding the offense. Thus imposing the minimum Amount of time to protect the public. Commonwealth vs. Jones, 613 A.2d 587 Commonwealth vs. Edwards, 450 A.2d 15

10.) However, it is rather clear That the Court error, when imposing the extravagant sentence, Due to the sentence it self shows That the Court solely Focused on the Nature of the offense. moreover, insinuating That this crime was more horrendous And Atrocious Than A Normal crime of this type. Commonwealth vs. Simpson, 510 A.2d 760 Commonwealth vs. Caraballo, 848 A.2d 1018, 1019

11.) Furthermore, the court blatantly disregarded the sentencing guidelines, Due the Court Failed to Assert the guidelines on the record. However, this could be, Due to the Judge Agreed in Advance to impose the extravagant Sentence. Commonwealth vs. Gause, 659 A.2d 1014, 1015 Commonwealth us. martin, 351 A.2d 650

12.) However, the court may be misinterpreting the statues for mandatory sentences, Due to A individual must be convicted of the same offense within a (7) year period. Therefore, The court was not permitted to impose a mandatory sentence, Due to this is petitioner 1st time he has ever been charged with a sexual offense.

Commonwealth us. Campbell, 417 A.2d 712
Common wealth us. Eddings, 721 A.2d 818
Common wealth us. Dickerson, 621 A.2d 990

13.) Furthermore, Petitioner's Counsel was suppose to devote undivided Allegiance And a guiding hand to Frost. more over, mr. ~~po~~. Mason had a duty to bring to bear Such skill, overturn every stone, research every Avenue," to craddle Frost's Constitutional rights". So why didn't mr. Mason Appeal the sentence.?

Strickland vs. Washington, 104 s.ct 2052, 2053
Frazier vs. u.s., 18 F.3d, 778, 779

14.) Therefore, The court was suppose to impose A sentence, on the basis of the minimum Amount of Confinement, That would protect the public And the rehabilitative need of the defendant.

Commonwealth vs. Campolei, 721 A.2d 1095

15.) Therefore, it should be established That Trial Court Abused it's discretion, by Failing To Assert on the record Any reason for deviating From The sentencing guidelines. Furthermore, imposing A mandatory sentence without ANY prior Convictions, so The extravagant sentence blatantly is illegal And surely imposed To inflict servere punishment upon Frost. Commonwealth vs. Eddings, 721 A.2d 818 Commonwealth vs. Russell, 460 A.2d 316 Commonwealth vs. Martin, 351 A.2d 650,651

Respectfully,

Michael Frost

michael frost

Note: the illegality of A sentence may not be waived. See: Com. vs. Vasquez, 715 A.2d 468. Furthermore, Frost only needs to give trial court An opportunity to Address this issue, Then Frost CAN proceed to the U.S. District court. See: Pursell vs. Horn, 187 F.Supp. 260, 261

# ConClusioN

Wherefore, Frost prays That

This honorAble Court UACates

the sentence, remAnd For resentence

with instructions to sentence

within the guidelines.

Respectfully

michAeL Frost

DAte: 10/29/07     EG-2433

10745 Rte 18

Albion, PA 16475



# The Superior Court of Pennsylvania
## Office of the Prothonotary

GRANT BUILDING
310 GRANT STREET, SUITE 600
PITTSBURGH, PA 15219-2297

KAREN REID BRAMBLETT, ESQUIRE
PROTHONOTARY

ELEANOR R. VALECKO
DEPUTY PROTHONOTARY

(412) 565-7592
FAX: (412) 565-7711
WEBSITE: www.superior.pacourts.us

October 22, 2007

Mr. Michael Frost
EG-2433
10745 – Route 18
Albion, PA 16475

In Re: COMMONWEALTH OF PENNSYLVANIA -v- MICHAEL FROST

Dear Mr. Frost:

Enclosed, please find your correspondence that you forwarded in reference to the above-captioned matter. This is to advise you that the Superior Court has no current appeal filed on your behalf; however, you may want to contact the Clerk of Courts of Crawford County as the delay in forwarding your appeal to our office.

Very truly yours,

Eleanor R. Valecko
**DEPUTY PROTHONOTARY**

ERV/tdt

Enclosure



## COURT ADMINISTRATOR'S OFFICE

JOHN L. SHUTTLEWORTH
*COURT ADMINISTRATOR*

HOLLY A. MARTIN
*DEPUTY COURT ADMINISTRATOR*

MARTIE J. BRIGGS
*ASST. COURT ADMINISTRATOR*

THIRTIETH JUDICIAL DISTRICT OF PENNSYLVANIA

COURTHOUSE

MEADVILLE, PENNSYLVANIA 16335-2696

TELEPHONE
*(814) 333-7498*
FAX
*(814) 333-7489*

October 17, 2007

Michael Frost
EG 2433
AB-60
10745, Route 18
Albion, PA   16475-0002

Dear Mr. Frost:

I am in receipt of your Motion for Leave to Proceed Informa Pauperis (IFP) and am returning same to you.  In order for the Court to consider granting IFP, something needs to be attached to the filing showing exactly what action you are requesting IFP for.  IFPs are used for several different types of filings.

Sincerely,

John L. Shuttleworth



# The Superior Court of Pennsylvania
## Office of the Prothonotary

GRANT BUILDING
310 GRANT STREET, SUITE 600
PITTSBURGH, PA 15219-2297

KAREN REID BRAMBLETT, ESQUIRE
PROTHONOTARY

ELEANOR R. VALECKO
DEPUTY PROTHONOTARY

(412) 565-7592
FAX: (412) 565-7711
WEBSITE: www.superior.pacourts.us

October 23, 2007

Patricia Wetherbee, Clerk of Courts
Court House
Meadville, Pa. 16335

In Re: Commonwealth v Michael Frost
No. 1288-1999

Dear Ms. Wetherbee:

Pursuant to Pa.R.A.P. 905(a), we are forwarding the appeal received in the above-captioned matter to your office.

Very truly yours,

*Eleanor R. Valecko*

DEPUTY PROTHONOTARY

ERV/smc
Cc: Michael Frost



# The Superior Court of Pennsylvania
## Office of the Prothonotary

GRANT BUILDING
310 GRANT STREET, SUITE 600
PITTSBURGH, PA 15219-2297

KAREN REID BRAMBLETT, ESQUIRE
PROTHONOTARY

ELEANOR R. VALECKO
DEPUTY PROTHONOTARY

(412) 565-7592
FAX: (412) 565-7711
WEBSITE: www.superior.pacourts.us

October 4, 2007

Patricia Wetherbee, Clerk of Courts
Court House
Meadville, Pa. 16335

In Re: Commonwealth v Michael Frost
No. 1288-1999

Dear Ms. Wetherbee:

When appellant provides you with either the appropriate filing fee, or obtains an order certifying he is indigent, attaches a complete list of the criminal charges/OTN numbers assigned, and amends his proof of service to verify that the trial court judge, opposing counsel and court reporter received a copy, kindly return this appeal to our office.

Very truly yours,

*Eleanor R. Valecko*

DEPUTY PROTHONOTARY

ERV/smc
Cc: Michael Frost

UNITED STATES DISTRICT COURT
c/o Clerk of Courts
PO Box 1820
Erie PA 16507

Dear mr. Barth,

Greeting to you, I Am having great difficulty with the Lower Court, the Lower court denied my motion to Correct the illegal sentence. Therefore I filed A notice of Appeal in which they flatout refused to file, the superior has Contacted the Lower court still the Lower court will not budge And file the Appeal. therefore petitioner is being blocked Access to the Appellate Courts. Furthermore, petitioner is only required to give the state court the opportunity to Address the issue before proceeding into the U.S District Court. see 187 F. supp. 2d 260, 261.

Furthermore, petitioner I Am only able to provide the court with one complete copy of the writ of mandamus see Bounds vs. smith 97 sct 1491, No incarcerated individual can be denied Access to the Courts, simply on the basis of his inabilities to reproduce documentation. Furthermore, pro-se Litigants Are to be given Leeway see Haines vs Kerner 92 sct 594

Wherefore, I michael frost prays that this honorable Court Assumes Jurisdiction of this matter, waives Any Additional copies required

Respectfully submitted

michael Frost
10745 Rte 18
Albion PA 16475

Date: 10-29-07